ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 0 4 2007

at ___ o'clock and ___ min ___ M
SUE BEITIA, CLERK

ALEXA RUSSELL
GEORGE RUSSELL
LAAK RUSSELL
P. O. Box 1132
Kapaau, HI 96755
(808) 889-0941
ahr6928@msn.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ALEXA and GEORGE RUSSELL on behalf of their son, LAAK RUSSELL, | CIVIL NO. 03-00654 HG-BMK |
| Plaintiffs, | PLAINTIFF'S RESPONSE TO "ORDER REINSTATING COMPLAINT AND DENYING PLAINTIFF'S REQUEST FOR FOR APPOINTMENT OF COUNSEL AND GRANTING PLAINTIFF'S LEAVE TO FILE NEW REQUEST FOR APPOINTMENT OF COUNSEL;" EXHIBITS I, II, III, IV; CERTIFICATE OF SERVICE. |
| vs. | |
| DEPARTMENT OF EDUCATION, STATE OF HAWAI'I, and PATRICIA HAMAMOTO, in her official capacity as Superintendent of schools, and CHAIRPERSON of the BOARD OF EDUCATION, STATE OF HAWAI'I , and DOES 1-100, | |
| Defendants. | |

PLAINTIFF'S RESPONSE TO, "ORDER REISTATING COMPLAINT AND DENYING PLAINTIFF'S REQUEST FOR DEPARTMENT OF EDUCATION, STATE FOR APPOINTMENT OF HAWAI'I, and PATRICIA COUNSEL AND GRANTING HAMAMOTO, in her official capacity as PLAINTIFF'S LEAVE TO FILE Superintendent of schools, and NEW REQUEST FOR CHAIRPERSON of the BOARD OF APPOINTMENT OF COUNSEL"

**["RESPONSE TO REINSTATEMENT"]**

## I.    Background

On December 1, 2003, Plaintiffs Alexa and George Russell ("Mr. and Mrs. Russell") filed this action, on behalf of themselves and their minor son, Laak Russell ("Laak"),[1] alleging that Defendants violated the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*; the Rehabilitation Act, 29 U.S.C. § 794; and the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* (Doc. 1 at 1-2.)

Plaintiffs previously applied for (Doc. 3) and were granted (Doc. 5) leave to prosecute this case *in forma pauperis*. Plaintiffs also requested appointment of counsel (Doc. 7 at 20), but that request was neither granted nor denied, and Plaintiffs' complaint was instead dismissed (Doc. 10). Following remand from the Ninth Circuit, *see* 187 Fed. Appx. 739, this Court ordered Plaintiffs "to either move for appointment of counsel with appropriate supporting documentation, including a current financial affidavit and evidence as to their efforts to retain counsel, or to find new counsel." (Doc. 20 at 7.)

## II.    The Court Should Appoint Counsel to Represent Plaintiffs

Plaintiffs respectfully renew their request for appointment of counsel but note that under no circumstances should their complaint be dismissed. As set forth in greater detail below, even if the Court denies Plaintiffs' renewed request for court-appointed counsel, Laak, who is a real party in interest in this case, has now reached the age of majority, and is a competent adult, is entitled to represent himself under 28 U.S.C. § 1654.[2]

### A.    The Court Has the Authority to Appoint Counsel

While appellate decisions directing district courts to appoint counsel under the federal *in*

---

[1] As the substance of the complaint makes plain, the complaint alleges claims belonging to Mr. and Mrs. Russell and Laak. *See Gleash v. Yuswak*, 308 F.3d 758, 761 (CA7 2002) ("Courts give effect to the substance of a document and not to its caption." (citing *Smith v. Barry*, 502 U.S. 244 (1992))). Plaintiffs' Opposition to Defendants' Motion to Dismiss confirms this. (Doc. 7 at 4 ("Plaintiffs filed their complaint on behalf of themselves and their son.").)

[2] To the extent that Mr. and Mrs. Russell filed this action on behalf of Laak, they were invoking Federal Rule of Civil Procedure 17(c), which permits a parent or other guardian to "sue or defend on behalf" of a minor child. When a parent brings claims as a "next friend" of his or her minor child, as Mr. and Mrs. Russell did here, "[i]t is the infant, and not the next friend, who is the real and proper party" to those claims. *Morgan v. Potter*, 157 U.S. 195, 198 (1895); *cf. Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). The parents are not "parties . . . conduct[ing] their own cases" – at least with respect to their children's claims – for purposes of 28 U.S.C. § 1654, and they may not "represent" their children on their children's claims in court, as this Court has already held in this case. (Doc. 10 at 1 ("Plaintiffs Alexa and George W. Russell cannot bring an action on behalf of their minor son without retaining a lawyer.").)

*forma pauperis* statute, 28 U.S.C. § 1915, are rare,[3] decisions requiring district courts to exercise their discretion to determine whether to appoint counsel are not uncommon. *See, e.g., United States v. McQuade*, 579 F.2d 1180 (9th Cir. 1978) (trial court committed error of law in ruling that it had no authority to appoint counsel; directing district court to exercise discretion to determine if appointment warranted); *McKeever v. Israel*, 689 F.2d 1315 (7th Cir. 1982) (same); *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986) (same). As this Court has acknowledged (Doc. 20 at 5), district courts consider three factors in determining whether to appoint counsel under § 1915(e): "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiffs to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." *Johnson v. United States Treasure Dept.*, 27 F.3d 415, 417 (9th Cir. 1994) (citation omitted); *see also Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). In an appropriate case, "a federal court has a duty under section 1915(d) [now (e)] to assist a party in obtaining counsel willing to serve for little or no compensation," and "the court does not discharge this duty if it makes no attempt to request the assistance of volunteer counsel."[4] *30.64 Acres*, 795 F.2d at 804. In *30.64 Acres*, the Ninth Circuit held that the district court's failure to seek counsel for an indigent litigant with a mental disability was reversible error. *Id.* Moreover, at least one district court has held that appointment of counsel under section 1915 is the proper course when a non-attorney parent seeks to represent his child in a potentially meritorious case. *See Brown v. Ortho Diagnostic Sys., Inc.*, 868 F. Supp. 168 (E.D. Va. 1994) (denying motion to dismiss child's tort claim based on non-attorney father's representation finding proper course was to appoint counsel under § 1915).

---

[3] *But see Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101 (9th Cir. 2004) (reversing denial of counsel in *Bivens* action by immigration detainee); *Hendricks v. Coughlin*, 114 F.3d 390 (2d Cir. 1997) (reversing denial of counsel in prison civil rights case); *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984) (same).

[4] The Constitution's guarantee of due process or equal protection may also require the appointment of counsel. Under *Lassiter v. Dep't of Soc. Servs. of Durham County*, 452 U.S. 18, 31 (1981), while there is no general right to counsel in a civil case, "the complexity of the proceeding and the incapacity of the uncounseled" litigant can combine to require the appointment of counsel in certain cases involving fundamental rights. A parent's right to control the "upbringing of children," including their education, has long been held a fundamental right worthy of constitutional protection. *See, e.g., M.L.B. v. S.L.J.*, 519 U.S. 102, 116 (1996) ("[C]hoices about marriage, family life, and the upbringing of children are among associational rights this Court has ranked as 'of basic importance in our society.'" (citation omitted)); *Wisconsin v. Yoder*, 406 U.S. 205 (1977) (upholding parental liberty interest in education of children).
    Likewise, the Ninth Circuit has reserved the question whether courts possess the inherent power to appoint counsel, although it note that some courts have claimed it. *See United States v. 30.64 Acres of Land*, 795 F.2d 796, 804 n.16 (9th Cir. 1986) (citing 20 Am. Jur. 2d, *Courts* § 79 (1965)).

**B.      Plaintiffs Are Eligible for the Appointment of Counsel[5]**

As demonstrated in the attached *in forma pauperis* affidavits, neither Plaintiff Laak Russell,[6] nor Plaintiffs Mr. and Mrs. Russell have sufficient financial means to retain for a lawyer to handle this case.

Plaintiffs have also unsuccessfully sought *pro bono* counsel to handle this case. After fully briefing their Ninth Circuit appeal *pro se*, a Los Angeles-based attorney (Jean-Claude André) volunteered to file Federal Rule of Appellate Procedure 28(j) letters alerting the Ninth Circuit to relevant supplemental authority, appear for oral argument, and handle any post-judgment appellate proceedings (*e.g.*, a petition for rehearing or petition for certiorari) on Plaintiffs' behalf. *See* 187 Fed. Appx. at 740. Mr. André was able to do this with relative ease because he had a pre-planned trip to Honolulu for the same week as the Ninth Circuit's oral argument and had recently petitioned to the Supreme Court to review the same question presented by Plaintiffs' appeal. *See* http://www.supremecourtus.gov/qp/05-00983qp.pdf. Because Mr. André is not admitted to practice before this Court, resides in Los Angeles, and had other significant professional commitments, he was unable to agree to represent Plaintiffs on remand.

Following the Ninth Circuit's remand order, Plaintiffs contacted _____, a lawyer in Oahu. ____ requested a retainer of ____, which Plaintiffs cannot afford.

Additionally, Plaintiffs contacted the Hawaii Disability Rights Center ("HRDC"). The HDRC, however, has only three staff attorneys, none of whom is located on Hawaii Island, where Plaintiffs reside.

**C.      Even If the Court Declines to Appoint Counsel, It Should Allow Laak to Prosecute this Case *Pro Se***

Because Laak is a real party in interest in this case, has now reached the age of majority, and is a competent adult,[7] he is entitled to represent himself under 28 U.S.C. § 1654 even if this

---

[5] This Court noted in its November 15, 2006, order that it "will not consider the merits of Plaintiffs' claims at this time" (Doc. 20 at 6) and did not request that Plaintiffs brief the merits of their claims (*id.* at 7). Accordingly, Plaintiffs do not brief the merits of their claims, which are already argued in both their complaint (Doc. 1 at 6-28) and their Objection and Answer to Defendants' Motion to Dismiss (Doc. 7 at 14-20).

[6] Because Laak has reached the age of majority, he has submitted his own *in forma pauperis* affidavit.

[7] In the event that the Court finds that Laak is not competent to prosecute his own case, the Court should appoint counsel to represent him. Rule 17(c) specifically allows a court to "make such other order as it deems proper for the protection of the infant or incompetent person." Although the Ninth Circuit has not relied on Rule 17(c) to appoint or request counsel, it has held that the Rule requires district courts to take "whatever measures it deems proper" to protect an infant or incompetent. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986); *cf. Wenger v. Canastota Cent. Sch. Dist.*, 146 F.2d 123, 125 (2d Cir. 1998) (noting in

Court denies Plaintiffs' renewed request for the appointment of counsel. *See, e.g., Montclair Bd. of Educ. v. M.W.D.*, 182 Fed. Appx. 136, 139 (3d Cir. 2006); *Osei-Afriye v. Medical Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (citing *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59 (2d Cir. 1990)). That Mr. and Mrs. Russell are also real parties in interest to the claims at issue in this case does not preclude Laak from proceeding with the suit *pro se* because Mr. and Mrs. Russell's interests in the suit may be transferred to Laak now that he has reached the age of majority. IDEA specifically provides that a state "may provide that, when a child with a disability reaches the age of majority . . . all other rights accorded to parents under this subchapter transfer to the child." 20 U.S.C. § 1415(m)(1); 34 C.F.R. § 300.517 (same). Hawaii has so provided. *See* Haw. Admin. Rules (HAR) § 8-34-4(b) ("The rights of parents shall be transferred to the student who has attained eighteen years of age.").

Alexa Russell
For All parties
12/29/2006

---

an IDEA case that under Rule 17(c), district courts may take action "including appointing counsel").