IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALEXA and GEORGE W. RUSSELL on behalf of their son, LAAK RUSSEL, a minor,<br><br>    Plaintiffs,<br><br>    vs.<br><br>DEPARTMENT OF EDUCATION, STATE OF HAWAII, and PATRICIA HAMAMOTO, in her official capacity as superintendent of schools, and Chairperson of the Board of Education, State of Hawaii, and DOES 1-100,<br><br>    Defendants. | CIVIL NO. 03-00654 HG-BMK |

**ORDER REINSTATING COMPLAINT
AND
DENYING PLAINTIFFS' REQUEST FOR APPOINTMENT OF COUNSEL
AND
GRANTING PLAINTIFFS' LEAVE TO FILE NEW REQUEST FOR APPOINTMENT
OF COUNSEL**

This case is before the Court on remand from the United States Court of Appeals for the Ninth Circuit. This Court previously dismissed Plaintiffs' Complaint on the grounds that Plaintiffs could not bring an action on behalf of their minor son without retaining a lawyer. The Ninth Circuit remanded so that the Court could consider whether to appoint Plaintiffs counsel or grant leave and provide adequate time for Plaintiffs to find new counsel.

1

EXHIBIT I

Plaintiffs' Complaint is reinstated. To the extent Plaintiffs previously requested an appointment of counsel, Plaintiffs' request is DENIED. Plaintiffs have until January 2, 2007, to either move for appointment of counsel with appropriate supporting documentation, including a current financial affidavit and evidence as to their efforts to retain counsel, or to find new counsel. If Plaintiffs file a motion for appointment of counsel, Defendants have ten (10) days, until January 12, 2007, to file a response.

## BACKGROUND

On December 1, 2003, Plaintiffs, proceeding pro se, filed a Complaint on behalf of their son, Laak Russell ("Laak"), a minor child. (Doc. 1.)

On December 1, 2003, Plaintiffs filed an application to proceed without prepayment of fees and affidavit in support. (Doc. 3.)

On December 10, 2003, the Court entered an "Order Granting Application to Proceed Without Prepayment of Fees" on the grounds that Plaintiffs listed a total of less than $14,000 in savings, benefits, and family assets, an amount below the 2003 federal poverty guidelines for Hawaii for $21,160 for a family of four. (Doc. 5.)

On December 30, 2003, Defendants moved to dismiss, under Fed. R. Civ. P. 12(b)(1), the Complaint on the grounds that a

parent or guardian cannot file suit in federal court on behalf of a minor child without retaining a lawyer ("Defendants' Motion to Dismiss Complaint Filed December 1, 2003", Doc. 6.)

After considering "Plaintiffs' Objection and Answer to Defendants' Motion to Dismiss Complaint Filed December 1, 2003" ("Plaintiffs' Objection and Answer", Doc. 7), the Court entered a Minute Order, dated January 28, 2004, granting Defendants' Motion to Dismiss Complaint Filed December 1, 2003 and dismissing the case without prejudice on the grounds that Plaintiffs could not bring an action on Laak's behalf without retaining a lawyer. (Doc. 10.); see Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997).

On January 30, 2004, the Court entered Judgment on the Court's Minute Order.  (Doc. 11.)

Plaintiffs moved for reconsideration of the Court's January 28, 2004 Minute Order, which the Court denied by Order dated February 19, 2004 (Doc. 14.)

On February 20, 2004, the Court entered Judgment on the Court's Order Denying Motion for Reconsideration. (Doc. 15.)

On March 8, 2004, Plaintiffs filed a Notice of Appeal, still proceeding pro se, appealing the Court's dismissal of their Complaint.  (Doc. 16.)

On June 29, 2006, the United States Court of Appeals for the Ninth Circuit entered an Order remanding the proceedings to this

Court.  Judgment on remand was entered on August 23, 2006. ("Ninth Circuit Order", Doc. 18.)

## ANALYSIS

The Ninth Circuit remanded the case to this Court "with instructions to reinstate the complaint and to determine whether to appoint counsel for appellants or grant leave and adequate time for the Russells to find new counsel."

In "Plaintiffs' Objection and Answer to Defendants' Motion to Dismiss Complaint Filed December 1, 2003", Plaintiffs' argued:

> If the Court deems that LAAK RUSSELL should have an attorney then this Court has the discretion and authority to appoint a qualified licensed attorney in the State of Hawaii who is knowledgeable about the subject matter to represent LAAK RUSSELL in this case.
>
> This Court also has the discretion and authority to appoint a qualified licensed attorney in the State of Hawaii who is knowledgeable about the subject matter to represent ALEXA and GEORGE RUSSELL in this case as well.

(Plaintiffs' Objection and Answer at 20.)

The Ninth Circuit Order indicates that Plaintiffs-appellants were represented by counsel during a portion of their appeal. Counsel appeared on Plaintiffs-appellants' behalf at oral argument. During oral argument, counsel for Plaintiffs-appellants indicated that he would not likely be able to continue to represent his clients on remand.

## APPOINTMENT OF COUNSEL

4

Plaintiffs' Complaint alleges that Defendants discriminated against their son in violation of his constitutional and civil rights. Plaintiffs contend, *inter alia*, that Defendants violated the Individuals with Disabilities Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, the Rehabilitation Act, 29 U.S.C. § 794, and the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*.

"There is no constitutional right to appointed counsel in a [civil matter]." Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). "However, in 'exceptional circumstances,' a district court may appoint counsel for indigent civil litigants...." Id. The Court considers three factors in determining whether a civil litigant is entitled to the appointment of counsel: "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." Johnson v. U.S. Treasury Dept., 27 F.3d 415, 417 (9th Cir. 1994) (citation omitted); see Bailey v. Lawford, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (applying three factors to consideration of request for appointment of counsel under 28 U.S.C. § 1915(d)).

First, while the Court granted Plaintiffs' Application to Proceed Without Prepayment of Fees in December 2003, the Court does not have any information upon which it can assess

5

Plaintiffs' current financial situation. It is unclear whether or not Plaintiffs now have the financial resources to retain counsel.

Second, there is no evidence as to Plaintiffs' efforts to obtain counsel. Plaintiffs' initial request for counsel, contained within Plaintiffs' Objection and Answer, also filed approximately three years ago, does not document their efforts to obtain counsel. See Gonzales v. Postmaster General of United States, 682 F. Supp. 40, 41 (N.D. Cal. 1988) ("Having contacted only one attorney, plaintiff has failed to demonstrate that appointment of counsel is appropriate in this case"). Even if it had, given the time that has passed, for the Court to appoint counsel at this juncture, Plaintiffs would need to update the Court on their recent efforts to obtain counsel. The Court notes that IDEA encourages attorneys to represent plaintiffs by allowing for the recovery of attorneys' fees. See 20 U.S.C. § 1415(i)(3)(B).

Finally, because the evidence before the Court does not show that Plaintiffs can meet the first and second requirements for appointment of counsel, the Court will not consider the merits of Plaintiffs' claims at this time.

## CONCLUSION

For the foregoing reasons,

(1) Plaintiffs' Complaint, filed December 1, 2003, is

6

**REINSTATED**;

(2)    Plaintiffs' previous request for appointment of counsel contained within "Plaintiffs' Objection and Answer to Defendants' Motion to Dismiss Complaint Filed December 1, 2003", filed January 20, 2004, (Doc. 7) is **DENIED**;

(3)    Plaintiffs have until January 2, 2007, to either move for appointment of counsel with appropriate supporting documentation, including a current financial affidavit and evidence as to their efforts to retain counsel, or to find new counsel.  If Plaintiffs file a motion for appointment of counsel, Defendants have ten (10) days, until January 12, 2007, to file a response.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 15, 2007.



/S/ Helen Gillmor
_____
Helen Gillmor
Chief United States District Judge

---

ALEXA and GEORGE W. RUSSELL, on behalf of their son, LAAK RUSSELL, a minor v. DEPARTMENT OF EDUCATION, STATE OF HAWAII, et al.; Civil No. 03-00654 HG-BMK; **ORDER REINSTATING COMPLAINT AND DENYING PLAINTIFFS' REQUEST FOR APPOINTMENT OF COUNSEL AND GRANTING PLAINTIFFS' LEAVE TO FILE NEW REQUEST FOR APPOINTMENT OF COUNSEL**