ALEXA RUSSELL
GEORGE W. RUSSELL
LAAK G. W. RUSSELL
P. O. Box 1132
Kapaau, HI 96755
(808) 889-0941
ahr6928@msn.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ALEXA and GEORGE W. RUSSELL and their son, LAAK G. W. RUSSELL,<br><br>Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION, STATE OF HAWAI'I, and PATRICIA HAMAMOTO Superintendent of schools, CHAIRPERSON of the BOARD OF EDUCATION, STATE OF HAWAI'I, and DOES 1-100,<br><br>Defendants. | CIVIL NO. 03-00654 HG-BMK<br><br>PLAINTIFF'S OBJECTION TO DEFENDANT'S RESPONSE; PLAINTIFF'S MOTION AND AFFIDAVIT FOR PERMISSION TO APPEAL IN FORMA PAUPERIS AND REJECTION LETTER TO BE INCLUDED WITH PLAINTIEF'S "RESPONSE TO REINSTATMENT" CERTIFICATE OF SERVICE. |

PLAINTIFF'S OBJECTION TO DEFENDANT'S RESPONSE;
PLAINTIFF'S MOTION AND AFFIDAVIT FOR PERMISSION TO
APPEAL IN FORMA PAUPERIS AND REJECTION LETTER TO BE
INCLUDED WITH PLAINTIFF'S "RESPONSE TO REINSTATMENT"

**PLAINTIFF'S OBJECTION TO DEFENDANT'S RESPONSE; PLAINTIFF'S MOTION AND AFFIDAVIT FOR PERMISSION TO APPEAL IN FORMA PAUPERIS AND REJECTION LETTER TO BE INCLUDED WITH PLAINTIFF'S "RESPONSE TO REINSTATEMENT"**

Plaintiff's, ALEXA RUSSELL, GEORGE W. RUSSELL, and LAAK G. W. RUSSELL, by and through themselves, hereby submit their Objection to Defendant's Response; and their Plaintiff's Motion and Affidavit for Permission to Appeal In Forma Pauperis ["IFP'], and include herewith a Rejection Letter from proposed Counsel.

ALEXA and GEORGE W. RUSSELL have submitted a joint IFP, and LAAK G. W. RUSSELL has submitted one on his own behalf. It should be noted that because of his disability, the form was filled out, with his permission, by his mother, without charge.

As previously submitted to this Honorable Court as EXHIBIT IV in the document filed January 4, 2007 by Plaintiff's, their home was "red-tagged" in the October 15, 2007 earthquake, and EXHIBIT IV is evidence of that. Many important items, including numerous court filed documents, to this and other cases were destroyed in the earthquake.

It should also be noted that some leniency should be granted to the Plaintiff's as this court, in essence gave the Plaintiff's 48 days from the date of filing this Court's ORDER, 18 of which were weekends and holidays, not including the two days for mailing as per HRAP Rule 26 (for both receiving and mailing as Plaintiff's live on the Big Island and this Honorable Court is on Oahu), to respond. This does not include the Federal Holiday of National Mourning for late President Ford on January 2, 2007, which could not have been predicted, see EXHIBIT II in the filed "REPONSE TO REINSTATEMENT" ["RESPONSE"]. The Thanksgiving Day earthquake could not have been predicted either, and that quake further damaged their "red-tagged" home.

1

Plaintiff's mailed their "RESPONSE TO REINSTATEMENT on December 29, 2006, and that document was filed in this Honorable Court January 4, 2007 (7 days after mailing). As such Plaintiff's inadvertently did not include the requested supporting documentation of the IFP believing that the original filing of the IFP in the record would have been sufficient. It is clear that time for mailing should toll the time in this filing.

This totals less than 30 days to respond. *See* HRAP Rule 26 (a), (b), (c), and (e):

**Rule 26. COMPUTATION AND EXTENSION OF TIME.**
   **(a) Computation of time.** In computing any period of time prescribed by these rules, an order of court, or any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period shall be included, unless it is a Saturday, Sunday, or a legal holiday, in which event the period extends until the end of the next day that is not a Saturday, a Sunday, or a legal holiday. When the period of time prescribed or allowed is less than 7 days, any intervening Saturday, Sunday, or legal holiday shall be excluded in the computation.
   **(b) Extension of time.** The Hawai'i appellate courts, or any judge or justice thereof, for good cause shown upon motion may extend the time prescribed by these rules for doing any act, or may permit an act to be done after the expiration of such time. Provided however, no court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules.
   **(c) Additional time after service by mail.** Whenever a party is required or permitted to do an act within a prescribed time after service of a paper, and the paper is served by mail, 2 extra days shall be added to the prescribed period.
   **(e) Relief from default.** The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal.
   (*Amended December 6, 1999, effective January 1, 2000.*)

THEREFORE, included herewith, are new IFP's, for the record on appeal.

It is also clear that Plaintiff's were in communication with proposed Counsel and could not have submitted the enclosed Rejection Letter. Note the date is January 9, 2007.

To not appoint counsel, and not allow a level playing field for the Plaintiff's to argue their cause before this Honorable Court defies the very substance and fairness of our judicial system.

THEREFORE, As outlined in the RESPONSE, Plaintiff's request appointment of Counsel by this Honorable Court or permission to proceed *Pro Se*.

2