IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALEXA and GEORGE W. RUSSELL on behalf of their son, LAAK RUSSELL,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>DEPARTMENT OF EDUCATION, STATE OF HAWAII, and PATRICIA HAMAMOTO, in her official capacity as Superintendent of Schools, and Chairperson of the Board of Education, State of Hawaii, and DOES 1-100,<br><br>　　　　　Defendants.<br>_____ | CIVIL NO. 03-00654 HG-BMK |

**ORDER DENYING PLAINTIFFS' REQUEST FOR APPOINTMENT OF COUNSEL**
**AND**
**SETTING BRIEFING SCHEDULE**

　　This is an Individuals with Disabilities in Education Act, 20 U.S.C. § 1400 *et seq.*, case in which Plaintiffs seek review of an administrative hearings officer's decision denying them certain requested relief.  On December 1, 2003, Plaintiffs, proceeding pro se, filed a Complaint on behalf of their son, Laak Russell ("Laak").  At the time Plaintiffs filed the Complaint, Laak was almost 16 years old and a minor.

　　This case is before the Court on remand from the United States Court of Appeals for the Ninth Circuit.  This Court

1

previously dismissed Plaintiffs' Complaint on the grounds that Plaintiffs could not bring an action on behalf of their minor son without retaining a lawyer.  See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997).

The Ninth Circuit remanded the case to this Court for the Court to consider whether to appoint Plaintiffs counsel or to grant leave and provide adequate time for Plaintiffs to find new counsel.

On November 15, 2006, this Court entered an "Order Reinstating Complaint and Denying Plaintiff's Request for Appointment of Counsel and Granting Plaintiffs Leave to File New Request for Appointment of Counsel".  In that Order, the Court reinstated the Complaint, denied Plaintiffs' previous request for counsel and gave Plaintiffs time to file a new request for appointment of counsel.

Both parties have responded to the Court's Order with various filings.

## **PROCEDURAL HISTORY**

The Court's November 15, 2006 Order provides background information and detailed procedural history which the Court will not repeat here.

On January 4, 2007, Plaintiffs filed their response to the Court's Order. (Doc. 21.)

On January 5, 2007, Defendants filed a response to

Plaintiffs' response to the Court's Order (Doc. 24.)

On January 12, 2007, Plaintiffs filed an "Objection to Defendant's Response" and "Motion and Affidavit for Permission to Appeal In Forma Pauperis and Rejection Letter to be Included with Plaintiff's 'Response to Reinstatement'". (Doc. 26.)

The Court construes Plaintiffs' January 4 and 12, 2007 filings as a request for appointment of counsel.

## APPOINTMENT OF COUNSEL

"There is no constitutional right to appointed counsel in a [civil matter]." Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). "However, in 'exceptional circumstances,' a district court may appoint counsel for indigent civil litigants...." Id. The Court considers three factors in determining whether a civil litigant is entitled to the appointment of counsel: "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." Johnson v. U.S. Treasury Dep't, 27 F.3d 415, 417 (9th Cir. 1994) (citation omitted); see Bailey v. Lawford, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (applying three factors to consideration of request for appointment of counsel under 28 U.S.C. § 1915(d)).

## **ANALYSIS**

Plaintiffs have attached a "Motion and Affidavit for Permission to Appeal In Forma Pauperis" to their January 12, 2007 filing for both themselves, Alexa and George Russell, and for their son, Laak Russell ("Laak"). As a preliminary matter, the Court notes that Plaintiffs have used the incorrect forms because they are not seeking permission to proceed in forma pauperis ("IFP") on appeal. Rather, they are seeking to have counsel appointed to pursue their case in this Court.

Plaintiffs have not provided a basis upon which this Court can find they are entitled to appointment of counsel. First, the financial affidavits do not contain sufficient information to support the appointment of counsel. The parents' affidavit shows that for the last 12 months Alexa Russell has received an average of $1,100 per month from self-employment, but it does not state any projected income, despite indicating that Alexa is still employed with Island Realty Properties, Inc. The affidavit represents that Plaintiffs have a house with an estimated value of $175,000, but with an anticipated balloon payment in the amount of $320,000. The discrepancy is not explained. Laak Russell's affidavit indicates that he receives approximately $563.00 per month in disability and lives with his parents. The

information provided is insufficient for the Court to fully evaluate Plaintiffs' financial situation.

Second, Plaintiffs have not demonstrated sufficient efforts to find counsel. Plaintiffs have attached only a single letter, from a law firm that usually litigates these types of cases, indicating that it is unable to represent Plaintiffs. The letter provides the number for the State Bar Association's lawyer referral services, but Plaintiffs do not indicate that they contacted the referral service or made any other efforts to obtain counsel. The Court notes that IDEA encourages attorneys to represent plaintiffs by allowing for the recovery of attorneys' fees. See 20 U.S.C. § 1415(i)(3)(B). With this single letter, Plaintiffs have not shown a genuine effort to obtain counsel. See Gonzales v. Postmaster General of United States, 682 F. Supp. 40, 41 (N.D. Cal. 1988) ("Having contacted only one attorney, plaintiff has failed to demonstrate that appointment of counsel is appropriate in this case").

Finally, the Court considers the merits of the action. A review of Plaintiffs' Complaint and the hearings officer's decision which Plaintiffs ask this Court to overturn, shows that this case has questionable merit. The hearings officer's decision is well-reasoned and it is doubtful that the Court would award relief, as requested by Plaintiffs, such as "a new

Hummer H2 or equivalent thereto - fullyloaded to transport their son to and from school . . . ".  (Compl. ¶ 115.)

The Court also notes that Plaintiffs' filings demonstrate that they are capable of litigating the relatively straightforward issues in this case themselves.  Plaintiffs filings indicate that they are able to articulate their position and they correctly cite relevant case law and statutes.  Plaintiffs appear to either already have the assistance of an attorney or they are particularly adept in drafting legal pleadings.

In addition, because Laak is no longer a minor, he may bring claims on his own behalf.  There has been no determination that Laak is incompetent.  See Fed. R. Civ. P. 17(c).  To the contrary, Plaintiffs state that Laak is the real party in interest in this case, has reached the age of majority, and is a competent adult.

## CONCLUSION

For the foregoing reasons, Plaintiffs' request for appointment of counsel (Doc. 21, 26) is **DENIED**.

Plaintiffs are **DIRECTED** to file an Opening Brief in support of their appeal by March 9, 2007.

Defendants have thirty days, until April 9, 2007, to file an Answer Brief.

Plaintiffs thereafter have eleven days, until April 20,

2007, to file a reply.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, February 7, 2007.



          /S/ Helen Gillmor
Helen Gillmor
Chief United States District Judge

_____

ALEXA and GEORGE W. RUSSELL, on behalf of their son, LAAK RUSSELL v. DEPARTMENT OF EDUCATION, STATE OF HAWAII, et al.; Civil No. 03-00654 HG-BMK; **ORDER DENYING PLAINTIFFS' REQUEST FOR APPOINTMENT OF COUNSEL AND SETTING BRIEFING SCHEDULE**