ALEXA RUSSELL
GEORGE W. RUSSELL
LAAK RUSSELL
P. O. Box 1132
Kapa'au, Hawai'i 96755

(808) 889-0941
ahr6928@msn.com

IN THE UNITED STATES DISTRICT COURT

FOR THE STATE OF HAWAI'I

| | | |
|---|---|---|
| ALEXA RUSSELL, GEORGE W. RUSSELL, And LAAK RUSSELL, | ) ) ) | CIVIL NO. 03-00654 HG-BMK |
| Plaintiffs, | ) ) | **OPENING BRIEF**; EXHIBIT "I" and "II"; |
| vs. | ) ) | DECLARATION ALEXA RUSSELL, |
| DEPARTMENT OF EDUCATION ["DOE"], STATE OF HAWAI'I, and PATRICIA HAMAMOTO, in her official capacity as Superintendent of Schools for the State of Hawai'i and the Board of Education for the State of Hawai'i and DOES 1-100, by and through their Attorney, MARK J. BENNETT, Attorney General for the State of Hawai'i. | ) ) ) ) ) ) ) ) ) ) | GEORGE W. RUSSELL, AND LAAK RUSSELL; CERTIFICATE OF SERVICE.

The Honorable HELEN GILLMOR Chief U. S. District Judge, District of Hawai'i |

**OPENING BRIEF**

COME NOW, Plaintiffs *Pro Se* ALEXA RUSSELL, GEORGE W. RUSSELL

and LAAK RUSSELL, and hereby appeal this Honorable Court, to overturn the decision

made on October 28, 2003 by RICHARD A. YOUNG, Administrative Hearings Officer

for the DCCA, and grant relief sought herein.

This Honorable Court has jurisdiction over this case pursuant to HAR Title 8

Chapters 56-78, as well discretion to grant injunctive relief, declaratory relief, statutory

relief, and general relief including individual monetary and punitive damages.

1

This case is an Individuals with Disabilities in Education Act, *20 U. S. C. § 1400 et seq.*, ["IDEA"], and *C. F. R. § 300 et seq.*, 504, FAPE, and No Child Left Behind Act.

It is assumed that this Honorable Court knows the detailed background information and detailed procedural history of this case, and has access to the entire court record, as filed, therefore Plaintiffs' will not repeat here.

## FACTS

It is clear that this case has merit. It is simple. The State of Hawai'i, DOE made a promise, contract and admission, that if the Plaintiffs, GEORGE W. RUSSELL, and ALEXA RUSSELL, provided LAAK RUSSELL, a student of the DOE, with Transportation, to and from the North Kohala DOE, the DOE would reimburse them for that transportation. The undisputed reimbursement sum has been calculated as $7,407.00

Admissions can be found in the excerpts of record, filed as a DCCA document, August 21, 2003, "Correspondence to Proposed Settlement Offer from July 2003 through August 2003", a letter of which is enclosed herein as EXHIBIT " I ".

This transportation agreement was made because the DOE refused and failed to provide door to door transportation for LAAK RUSSELL, a disabled student, as mandated by the IDEA, as a related service, see, *20 USC § 1401 (22)* AND *34 CFR § 300.16 (b) (14)*, FAPE as well as federally mandated by the No Child Left Behind Act.

There is no argument that LAAK attended the DOE, and that he was driven there by both GEORGE W. RUSSELL and ALEXA RUSSELL, for the entire time he was enrolled in the DOE. That time period was from 1990 to date (essentially) since the fact remains LAAK RUSSELL has timely applied for and still waits to take his GED. For this case, however, the time period under discussion is from May 1997 - June 2003.

As a result of being disparaged and the failure of the DOE to fully comply with IDEA, FAPE, No Child Left Behind ["NCLB"] and his IEP, LAAK chose to home school via form 4140 in his junior year (2003-2004). It was in January of 2004, when principal, Catherine Bratt, of Kohala High School ("KHS") decided to retaliate and took the entire RUSSELL family to task for alleged truancy violations, even though there was a valid and signed form 4140 in place the entire time of this alleged truancy. [EXHIBIT "II"]

This was not only unreasonable and despicable, but prejudicial on the part of the DOE. How was that accusation complying with IDEA, 504, NCLB and FAPE?

This was emotionally and financially damaging to the entire RUSSELL FAMILY.

This unreasonable case against THE RUSSELL'S was dismissed with prejudice.

The spurious argument that the DOE could not provide door to door transportation for LAAK RUSSELL to attend school, and chose to contract with a vendor, who could not access the road to the RUSSELL'S home, proves that this was a malicious violation of the IDEA, FAPE, 504 and NCLB by the DOE in this case.

The fact that the DOE refused to use an adequate, reasonable and accommodating bus service for pick up and delivery/transportation of rurally located disabled students, such as LAAK RUSSELL, reeks of retaliation and discrimination. For this fact alone the DOE should be ordered to give relief requested herein. They refused to transport LAAK.

Not only do they admit the mileage reimbursement was owed, but, DOE admits they refused a laptop for LAAK RUSSELL to use. ["EXHIBIT I"] LAAK RUSSELL never saw nor used this desktop computer as claimed purchased by the DOE.

We strongly believe we were misled and betrayed by the State of Hawai'i DOE.

3

## CONCLUSION

BASED on the above and foregoing it is hereby respectfully requested that the State of Hawai'i DOE reimburse the RUSSELL'S $7,407.00, and this Honorable Court grant said relief and prepare an order to do so.

It is also hereby requested that this Honorable Court grant individual monetary relief for individual emotional, punitive and general damages in the amount of $250,000 in favor of ALEXA RUSSELL; $250,000 in favor of GEORGE W. RUSSELL, and $250,000 in favor of LAAK RUSSELL.

Should a trial be deemed necessary, we hereby respectfully request a trial by a jury of our peers.

Respectfully submitted on this day March 8, 2007.

DATED:      MARCH 8, 2007              KAPA'AU, HAWAI'I

_____
ALEXA RUSSELL, Plaintiff *Pro Se*

_____
GEORGE W. RUSSELL, Plaintiff *Pro Se*

_____
LAAK RUSSELL, Plaintiff *Pro Se*