ORIGINAL

MARK J. BENNETT          2672
Attorney General of Hawaii

AARON H. SCHULANER       6954
HOLLY T. SHIKADA         4017
Deputy Attorneys General
235 S. Beretania Street, Room 304
Honolulu, Hawaii 96813
Telephone: (808) 586-1255
Facsimile: (808) 586-1488
E-Mail: aaron.h.schulaner@hawaii.gov

Attorneys for Defendants

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
APR 0 9 2007
at ___ o'clock and ___ ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALEXA and GEORGE W. RUSSELL, on behalf of their son, LAAK RUSSELL, a minor<br><br>Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION, STATE OF HAWAII, PATRICIA HAMAMOTO, in her official capacity as Superintendent of Schools; and CHAIRPERSON OF THE BOARD OF EDUCATION, STATE OF HAWAII, and DOES 1-100,<br><br>Defendants. | CIVIL NO. 03-00654 HG-BMK<br><br>DEFENDANTS' ANSWERING BRIEF; CERTIFICATE OF SERVICE |

231182_2.DOC

## DEFENDANTS' ANSWERING BRIEF

Defendants, by and through their attorneys, Mark J. Bennett, Attorney General, and Holly T. Shikada and Aaron H. Schulaner, Deputy Attorneys General, hereby submit this Answering Brief in response to Plaintiffs' Opening Brief and in support of affirming the underlying Hearings Officer's Findings of Fact, Conclusions of Law, and Decision.

I.   BACKGROUND

Plaintiffs Alexa and George Russell are the parents of Laak Russell, a student deemed eligible under the Individuals with Disabilities Education Act ("IDEA"). Plaintiff Laak Russell reached the age of majority, towards the end of 2005, and as such he may now pursue his IDEA claims on his own.

On May 22, 1997, the parties entered into a settlement agreement in lieu of proceeding with an administrative hearing. Complaint at Appendix A to Exhibit A (Stipulation of Settlement, dated May 22, 1997, attached to Hearing Decision, dated October 28, 2003) (hereinafter referred to as "Settlement Agreement"). The Settlement Agreement, provided, among other things, for mileage reimbursement to the parents for transporting the student to school, subject to filling out certain required forms. Settlement Agreement at paragraph 1.

On April 8, 2003, Plaintiffs filed another request for impartial hearing under the IDEA. Complaint at Appendix B to Exhibit A (Request for Hearing, dated April 8, 2003, attached to Hearing Decision, dated October 28, 2003) (hereinafter referred to as "Request for Hearing"). The Office of Administrative Hearings, Department of Commerce and Consumer Affairs, State of Hawaii assigned the Request for Hearing case number DOE-2003-052. The Request for Hearing concerned mileage reimbursement for Laak's transportation to and from Kohala High School and "possible prejudice and humiliation; noncompliance with computer assistance and protocol as per IEP of student. . ." Complaint at Exhibit A at Finding of Fact paragraph 3 (Hearing Decision, dated October 28, 2003) (hereinafter referred to as "Hearing Decision").

On September 2, 2003, an administrative hearing was held. Among the evidence received was the testimony of District Educational Specialist Katherine Tolentino and Plaintiff Alexa Russell. Hearing Decision at Findings of Fact paragraphs 4, 7, 9, and 12.

On October 28, 2003, Hearings Officer Richard A. Young issued his decision. In his decision, the Hearing Officer ordered that within three months of their receipt of the Hearing Decision, Plaintiffs were required to obtain and provide to Defendant Department of Education proof of no-fault insurance on the vehicles

Plaintiffs used to drive Laak to and from school, from April 21, 1997 until October 28, 2003, the date of the Hearing Decision. The Hearings Officer further required that Defendant Department of Education reimburse Plaintiffs for said mileage upon presentation of the evidence of no-fault insurance. Hearing Decision at page 7. In regards to the allegations of a denial of a free appropriate public education ("FAPE") "because of noncompliance with computer assistance and protocol, and due to possible prejudice and humiliation," they were denied by the Hearings Officer. Hearing Decision at page 8.

Plaintiffs disagreed with the Hearings Officer's decision and on December 1, 2003, filed, without an attorney, a Complaint on behalf of their minor son, in the United States District Court for the District of Hawaii. The matter was eventually dismissed without prejudice by the Honorable Helen Gillmor, due to the lack of legal representation for the minor child.

The matter was subsequently appealed by Plaintiffs to the Ninth Circuit Court of Appeals. On June 29, 2006, the Ninth Circuit remanded the matter so that the Complaint could be reinstated and a determination could be made as to whether counsel should be appointed for Plaintiffs or if Plaintiffs should be given additional time to find counsel of their own.

On November 15, 2006, this Court reinstated the Complaint and gave

Plaintiffs the opportunity to file a new request for appointment of counsel. On February 7, 2007, the request for appointment of counsel was denied and a briefing schedule for the present appeal was issued.

## II.  STANDARD OF REVIEW

The party challenging the administrative decision in an IDEA case has the burden of proof before the court. Seattle School Dist., No. 1 v. B.S., 82 F.3d 1493, 1498 (9th Cir. 1996).

> Despite their discretion to reject the administrative findings after carefully considering them, however, courts are not permitted simply to "ignore the administrative findings." *Ash,* 980 F.2d at 588; *see also Kerkam,* 862 F.2d at 887 (although courts are not required to defer to an administrative decision, "[d]eference to the hearing officer makes sense in a proceeding under the [IDEA] for the same reasons that it makes sense in the review of any other agency action--agency expertise, the decision of the political branches (here state and federal) to vest the decision initially in the agency, and the costs imposed on all parties of having still another person redecide the matter from scratch").

Ojai Unified School Dist. v. Jackson, 4 F.3d 1467, 1474 (9th Cir. 1993).

The amount of deference to accord a Hearing Officer's findings increases where they are "thorough and careful." Capistrano Unified School District v. Wartenberg, 59 F.3d 884, 891 (9th Cir. 1995) (citing Union Sch. Dist. v. Smith, 15 F.3d 1519, 1524 (9th Cir. 1994). The Ninth Circuit Court of Appeals (Ninth Circuit) gives the Hearing Officer's decision "substantial weight" when it "evinces

his [or her] careful, impartial consideration of all the evidence and demonstrates his [or her] sensitivity to the complexity of the issues presented." County of San Diego v. California Special Education Hearing Office, 93 F.3d 1458, 1466-67 (9th Cir. 1996) (citing Ojai Unified School Dist. v. Jackson, 4 F.3d 1467, 1476 (9th Cir. 1993).

Significantly, the Ninth Circuit recognizes the Supreme Court's holding that the preponderance of the evidence standard in the IDEA is "by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities which they review." Amanda J. v. Clark County School District, 267 F.3d 877 (9th Cir. 2001) (citing Rowley, 458 U.S. at 206). Because Congress intended states to have the primary responsibility of formulating each individual child's education, [courts] must defer to their "specialized knowledge and experience" by giving "due weight" to the decisions of the states' administrative bodies. Amanda J. at 887-888; Rowley at 206-08.

III. DISCUSSION

Plaintiffs' Opening Brief simply falls short of meeting the burden of proof placed on the party challenging the underlying administrative decision.

Plaintiffs attempt to submit additional evidence in the form of Exhibits I and II to Plaintiffs' Opening Brief. Defendants submit that Exhibit I to Plaintiffs'

Opening Brief should be struck as its submission is in violation of Rule 408 of the Federal Rules of Evidence given that it is a communication regarding settlement being offered by Plaintiffs to prove liability on the part of Defendants. The letter even notes that is covered by Rule 408, Federal Rules of Evidence, and its state counterpart. In regards to Exhibit II to Plaintiffs' Opening Brief it should likewise be struck as it is unclear to Defendants how the document is relevant to these proceedings given that it is dated November 21, 2003, which is after the October 28, 2003 Hearing Decision which is the subject of this appeal.

What remains is a straightforward review of the text of the Hearing Decision and a determination of what deference should be given to the Hearings Officer's Findings of Fact and Conclusions of law.

In regards to documentary evidence, the Settlement Agreement and Request for Hearing, attached as Appendices A and B to the Hearing Decision speaks for themselves. In the present case the Hearings Officer heard the testimony of the District Educational Specialist Katherine Tolentino and Plaintiff Alexa Russell and made a determination of credibility in favor of the Department of Education. Hearing Decision at Findings of Fact paragraphs 4, 7, 9, and 12.

> In addition, if a state administrative agency has heard live testimony and has found the testimony of one witness to be more worthy of belief than the contradictory testimony of another witness, that determination is due special weight. Specifically, this means that a

> District Court must accept the state agency's credibility determinations 'unless the nontestimonial, extrinsic evidence in the record would *justify* a contrary conclusion.' (emphasis added). In this context the word 'justify' demands essentially the same standard of review given to a trial court's findings of fact by a federal appellate court. *Shore Regional,* 381 F.3d at 199 (citations omitted).

L.E. v. Ramsey Bd. of Educ., 435 F.3d 384, 389 n.4 (3rd Cir. 2006).

> To the extent the district court's findings are based on determinations regarding the credibility of the witnesses, "Rule 52(a) demands even greater deference to the trial court's findings." *Anderson v. Bessemer City,* 470 U.S. 564, 575, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518 (1985).

Seattle School Dist., No. 1 v. B.S., 82 F.3d 1493, 1499 (9th Cir. 1996).

In the end, the Hearings Officer found that the Department of Education was justified in withholding mileage reimbursement until Plaintiffs provided proof that the vehicles used to transport the student to school were properly insured, during the time frame in which reimbursement was sought. Hearings Order at pages 7-8. The legal requirement for no-fault insurance is not a requirement that the Department of Education is entitled to waive. Instead, Hawaii state law is clear that one cannot operate a motor vehicle without insurance. Hawaii Revised Statutes sections 286-116, 431:10C-104, and 431:10C-117. As such, it is proper to require proof of insurance before reimbursing for mileage.

Additionally, the Hearings Officer found that the student had been provided "a lap top computer, a printer and paper and ink." Hearings Order at page 6. As

such, the Hearings Officer found that "Petitioners' claims that they were denied a FAPE because of noncompliance with computer assistance and protocol, and due to possible prejudice and humiliation are denied." Hearings Order at page 8.

IV. CONCLUSION

For the foregoing reasons the decision of the underlying Hearings Officer should be affirmed.

DATED: Honolulu, Hawaii, April 9, 2007.

AARON H. SCHULANER
HOLLY T. SHIKADA
Deputy Attorneys General

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was duly served, on this date, upon the following by U.S. Mail, addressed as follows:

ALEXA RUSSELL
GEORGE RUSSELL
LAAK RUSSELL
P.O. Box 1132
Kapa'au, Hawaii  96755

Plaintiffs *pro se*

DATED: Honolulu, Hawaii, April 9, 2007.

AARON H. SCHULANER
HOLLY T. SHIKADA
Deputy Attorneys General

Attorneys for Defendants

231182_2.DOC