

ALEXA RUSSELL
GEORGE W. RUSSELL
LAAK RUSSELL
P. O. Box 1132
Kapa'au, Hawai'i 96755

(808) 889-0941
ahr6928@msn.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 2 3 2007

at 4 o'clock and 25 min P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE STATE OF HAWAI'I

| | |
|---|---|
| ALEXA RUSSELL, GEORGE W. RUSSELL, And LAAK RUSSELL,<br><br>Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION ["DOE"], STATE OF HAWAI'I, and PATRICIA HAMAMOTO, in her official capacity as Superintendent of Schools for the State of Hawai'i and the Board of Education for the State of Hawai'i and DOES 1-100, by and through their Attorney, MARK J. BENNETT, Attorney General for the State of Hawai'i. | CIVIL NO. 03-00654 HG-BMK<br><br>**PLAINTIFFS' REPLY TO DEFENDANTS' ANSWERING BRIEF**; DECLARATION ALEXA RUSSELL, GEORGE W. RUSSELL, AND LAAK RUSSELL; CERTIFICATE OF SERVICE.<br><br>The Honorable HELEN GILLMOR Chief U. S. District Judge, District of Hawai'i |

**PLAINTIFFS' REPLY TO DEFENDANTS' ANSWERING BRIEF**

Plaintiffs' *Pro Se* above, by and through themselves, hereby submit this Reply Brief in response to Defendants' Answering Brief and in support of this court denying the underlying Hearings Officers' Finding of Fact and Conclusions of Law and Decision and granting Plaintiffs'[1] request for relief for promised mileage reimbursement and damages.

This Honorable Court has jurisdiction over this case pursuant to HAR Title 8 Chapters 56-78, as well discretion to grant injunctive relief, declaratory relief, statutory relief, and general relief including individual monetary and punitive damages.

---
[1] Hereinafter referred to as the "Hearing Decision".

1

This case is a Individuals with Disabilities in Education Act, *20 U. S. C. § 1400 et seq.*, ["IDEA"], and *C. F. R. § 300 et seq.*, 504, FAPE, and No Child Left Behind Act. It is a Federal Case and a breach of contract case. This Court has jurisdiction.

It is apparent that the State of Hawai'i Attorney General's Office ("AG") is not familiar with this case and has no clear knowledge of the material facts. While we have tried to reduce the burden on the Court to re- review filed and recorded court documents, as a result of the AG's lack of familiarity with this case, we, are including herein, for the convenience of the court, certain documents previously filed that are already in the court record. We object to the to the Defendant's Answering Brief in it's entirety.

## BACKGROUND AND STATEMENT OF THE CASE

The COMPLAINT to this case was filed December 1, 2003. It should be assumed by this Court that the Plaintiff's Opening Brief filed on March 9, 2007 is "in addition" to the COMPLAINT filed on December 1, 2003. They were both timely filed and can found in the Court Record as timely filed. COMPLAINT was reinstated November 15, 2006.

This case is an appeal to the "Hearing Decision". See EXHIBIT "A" herein.

The Hearing Decision is based on a 1997 Stipulation Agreement. EXHIBIT "B".

## THE ISSUE

"...the issue to be determined is whether Respondent was correct in withholding mileage reimbursement previously agreed upon pursuant to the terms of stipulation." Hearing Decision "CONCLUSIONS OF LAW" pg.5 par. 5.
[This is the law of the case, and it is to late to raise affirmative defenses]

The 1997 stipulation Agreement should be (and should have been) treated as a stipulated judgment, and the form thereof should not be permitted to contradict the basic agreement. If it is not treated as such, it becomes a farce and in essence a fraud upon the court, instead of a good faith settlement to end litigation on the issues as compromised.

## STANDARD OF REVIEW

Perhaps the Hearing's Officer and AG in this instant case have misunderstood the IDEA.

In *J.L. v. Mercer Island Sch. Dist.*, 2006 WL 3628033 (W.D.Wash. Dec. 8, 2006).

> "The court reviews an IDEA administrative decision on "the preponderance of the evidence." 20 U.S.C. § 1415(i)(2)(B)(iii). The deference accorded to the ALJ's decision is based on whether the Court deems that the hearing officer's findings are "thorough and careful." *Capistrano Unified School District v. Wartenberg*, 59 F.3d 884, 891 (9th Cir. 1995), citing *Union Sch. Dist. v. Smith*, 15 F.3d 1519, 1524 (9th Cir. 1994). Conclusions of law or mixed questions of fact and law are reviewed de novo unless the mixed question is primarily factual (*Gregory K. v. Longview Sch. Dist.*, 811 F.2d 1307, 1310 (9th Cir. 1987)), and the court "is free to accept or reject the findings in part or in whole." *Capistrano, supra* at 891.
>
> The Court would characterize the ALJ's findings in this matter as "thorough, but not careful." The ALJ exhaustively examined the evidence presented, but she misunderstood the intention of the IDEA, misapplied the statute and failed to uphold its requirements. It is hoped that on remand, with the benefit of the analysis below, the rationale and ruling of the ALJ will incorporate and reflect the intention and prescription of IDEA."

And, in *Deal v. Hamilton* County Bd. of Educ., 392 F.3d 840 (6th Cir. **2004**)

> "Once an IDEA violation is found, the court is authorized to "grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(B)(iii). Parents are entitled to retroactive reimbursement if the school district failed to provide the student with a FAPE and if the private placement chosen by the parents was reasonably calculated to enable the child to receive educational benefits. *Florence County*, 510 U.S. at 11-16; *Knable ex rel. Knable v. Bexley City Sch. Dist.*, 238 F.3d 755, 763 (6th Cir. 2001). "'[E]quitable considerations are relevant in fashioning relief,' and the court enjoys 'broad discretion' in so doing." *Florence County*, 510 U.S. at 16 (quoting *Sch. Comm. of the Town of Burlington v. Dep't of Educ.*, 471 U.S. 359, 374, 369 (1985)); see *Knable*, 238 F.3d at 771 ("[I]t is the district court's role in the first instance to weigh the equities in this case to determine the appropriate level of reimbursement to be awarded.")."

And, *Rowley* is no longer relevant in determining meaningful educational benefits as stated in the instant Hearing Decision pg. 6 par. 2 and 3 since *J.L. v. Mercer Island Sch. Dist.*, 2006 WL 3628033 (W.D.Wash. Dec. 8, 2006) held that the school district's IEPs for a learning disabled student in the eighth through tenth grades failed to comply with the 1997 amendments to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §1400 et seq., requiring special education aimed at achieving independence and self-sufficiency for the student and thereby overruled *Rowley's* prior view as to what constitutes "meaningful educational benefits."

## ARGUMENT

Except for the retroactive mileage reimbursement, not one of the items the DOE agreed to in the 1997 stipulation was met. The DOE failed to provide Laak Russell with a proper laptop computer, failed to provide a tutor for training on the laptop, failed to properly and reasonably meet the requirements his IEP programs, failed to properly comply with accessibility requirements (which led to humiliation, retaliation, prejudice and resentment), and the terms of the settlement did not remain confidential. *See* pages 1 and 2, items 1 – 7, of the 1997 Stipulation Agreement, herein as EXHIBIT "B".

In the FINDINGS OF FACT of the Hearing decision, item 11, states:

"The Stipulation does not specifically state that the Russells need to have no-fault insurance."

The materiality of a no-fault insurance requirement for promised mileage reimbursement in this case is an implied condition, not an express condition. The DOE could have provided said required no-fault insurance to the Russell's. It was the DOE's Federal obligation to provide transportation as a related service. They refused to do so.

This affirmative defense of the Defendants is *res inter alios acta* [2], since the relationship between State of Hawai'i law enforcement, and the Russell's is inadmissible as a third party relationship. This does not excuse the DOE from paying what in essence is a valid debt for failing to provide transportation as per IDEA. There were no citations.

On Pg 7 Par 3 of the same Hearing Decision under Substantive Denial of FAPE:

"Respondents accurately cite HAR Title 8, Chapter 27-5(c), which states that Petitioners must be properly insured in order to receive mileage reimbursement. Further Petitioner's have not complied with the terms of the Stipulation requiring them to fill out a form when requesting mileage reimbursement." Stip. Pg.1, Par.1

---

[2] Late Latin, literally, "thing done among others": something transacted between other parties. This term is used in reference to matters not involving the same parties as those in litigation. Evidence regarding such matters is generally inadmissible.

4

The form stipulated to, CS-101, REQUEST FOR STUDENT TO RIDE A SCHOOL BUS ON A SPACE AVAILABLE BASIS, See EXHIBIT "D", and is not part of IDEA.

No place in HAR Title 8, Chapter 27-5 (c) does it state insurance requirements.

**§8-27-5 <u>Eligibility</u>**
 (c) A mileage transportation reimbursement may be made available to parents, guardians or designees at the rate of thirty two and one-half cents per mile for motor vehicles and fifteen cents per mile for two-wheeled vehicles used in the transport of students. The mileage reimbursement rate is based on the Internal Revenue Service's (IRS) standard mileage reimbursement rate for Hawaii used in computing the value of business use of an automobile. Future increases or decreases in the mileage reimbursement amount shall be effective the first day of July after an IRS rate change. Procedures relating to mileage transportation reimbursement have been developed by the department. Parents, guardians, or designees of students attending a school outside the student's home school district pursuant to the transfer provisions of the NCLB may apply for mileage transportation reimbursement. [Eff 3/3/84; am and comp 9/5/95; am and comp 3/29/03] (Auth: HRS §302A-1112) (Imp: Hawaii Const. Art. X, §3; HRS §§302A-1101, 302A-1112, 302A-406, HAR §8-37-4; P.L. 107-110)

This statement made by the Hearings Officer on page 7 par. 3 in the Hearing Decision is a blatant legal infirmity to this instant case.

In their DISCUSSION, pg 6 par 3 continuing onto page 7, Defendants ask this court to strike Exhibit "I" and Exhibit "II" of the Plaintiffs Opening Brief :

> "Admissions can be found in the excerpts of record, filed as a DCCA document, August 21, 2003, "Correspondence to Proposed Settlement Offer from July 2003 through August 2003", a letter of which is enclosed herein as EXHIBIT " I "."

The undisputed reimbursement sum has been calculated as $7,407.00

This request to strike is also a blatant legal infirmity to this case Exhibit "I" is already in the court record. See EXHIBIT "C" page 2, which was filed Aug 21, 2003.

Defendant's request to strike is untimely. The Defendants have had ample time to make a proper and timely motions to strike and they failed to do this. They attempt at this late date to strike documentation that has already been in the record for over three years.

5

Defendants attempt to strike without a proper motion and their request should be denied.

The DOE has caused undue delay in throughout this case and these negotiations.

On page 10 of EXHIBIT "C" herein is an email from Kate Tolentino of the DOE dated July 29, 2003 stating:

> "…. We are in receipt of your e-mail letter dated July 23, 2003. The Department of Education will reimburse you for the expenses you have incurred in the amount of $7,407.00 as agreed to in your July 21, 2003 letter to me via e-mail. As I stated in my July 23, 2003 e-mail letter to you, we will not be able to reimburse you within 5 days of a settlement being reached. [with out reference to Rule 408]
>
> On the bottom of page 11 of EXHIBIT "C" she goes on to say, "The Department of Education will agree to reimburse you within three months of the signed settlement agreement."

The entire "Correspondence to Proposed Settlement Offer from July 7, 2003 through August 17, 2003" that has been made part of the record, appears to have been a DOE delay tactic. From the 1997 Stipulation, last 2 lines on page 1, EXHIBIT "B", herein, one can see that payment "normally takes about six to eight weeks" and not three months.

We spent 6 weeks corresponding with DOE to reach a possible settlement on admittedly owed mileage reimbursement, then DOE failed to follow through. We later heard that we were to move forward to the Administrative Hearing.

DOE delayed negotiation. That alone negates exclusion of Rule 408.

They are collatorally estopped to dispute the amount to be paid and the obligation to pay the mileage reimbursement of $7,407.

The Defendant's request to strike EXHIBIT "I" should be denied.

EXHIBIT "II" is a copy of Form 4140, a form that excludes minors from compulsory education. It is especially material to this case for the following reasons:

6

1) It proves the date when Laak Russell left the DOE to finish his education as a "home schooled" student. He chose home schooling because the DOE failed in meeting the IDEA requirements of his IEP and related services;

2) The Plaintiffs were egregiously accused by the DOE of terrible acts and requested by the DOE to appear for a truancy hearing even though there was a valid form 4140. This was blatant retaliation by the DOE.

3) This retaliation caused extreme emotional and mental anguish to the entire Russell family. It was totally unreasonable and traumatized our entire family.

This retaliation is just part of the pattern and practice that the Russell's were exposed to by the DOE for years and years. The DOE offered that if the parents would drive their son, Laak Russell, to school, then the DOE would reimburse them for mileage to do so. This mileage reimbursement plan was the DOE's idea, not the Russell's.

There was no basis for truancy and is proved by the Form 4140. That retaliation occurred as a result of this pending COMPLAINT in this court. The family was injured by this constant pattern and practice of retaliation by the DOE. Retaliation against a person for excercising consitutional rights is cause for relief in a tort action.[3]

Since this case has been to the 9th Circuit and DOE did not make any motion to strike at any time therefore Defendant's request to strike EXHIBIT "II" should be denied.

Again, it is clear that this case has merit. It is simple. The State of Hawai'i, DOE made a promise, contract and admission, that if the Plaintiffs, GEORGE W. RUSSELL, and ALEXA RUSSELL, provided LAAK RUSSELL, a student of the DOE, with transportation, to and from the North Kohala DOE, the DOE would reimburse them for that transportation. Had the Russell's known the DOE was renege on their agreement and reimbursement promise, the Russell's would have demanded that the DOE provide the federally mandated transportation as required by IDEA and agreed to reimbursement.

---

[3] See *Mitchell v. Forsyth* US 511 at 530 (1985)

The transportation agreement was made because the DOE refused and failed to provide door to door transportation for LAAK RUSSELL, a disabled student, as mandated by the IDEA, as a related service, see, *20 USC § 1401 (22) AND 34 CFR § 300.16 (b) (14)*, FAPE as well as federally mandated by the No Child Left Behind Act.

After exhausting all administrative remedies the only jurisdiction left is this court.

This court has jurisdiction over this case and has discretion to grant relief of the existing claims requested in the COMPLIANT and OPENING BRIEF.

The facts are clear that the DOE owes at the very least mileage reimbursement.

The DOE misled The Russell's, The Hearings Officer and this court. The DOE made untrue statements to all of us. The underlying administrative decision is riddled with inaccuracies and so is the Defendants' Answering Brief.

BASED on the above and foregoing it is hereby respectfully requested that the State of Hawai'i DOE reimburse the RUSSELL'S $7,407.00, and this Honorable Court grant said relief and prepare an order to do so.

And. again we request that this Honorable Court grant individual monetary relief for individual emotional, punitive and general damages in the amount of $250,000 in favor of ALEXA RUSSELL; $250,000 in favor of GEORGE W. RUSSELL, and $250,000 in favor of LAAK RUSSELL.

We reiterate that should a trial be necessary, we respectfully request a trial by a jury of our peers.

## CONCLUSION

For the foregoing reasons the decision of the underlying hearings officer should be denied and relief as previously requested be granted.

Respectfully submitted on this day April 18, 2007.

DATED:     APRIL 18, 2007          KAPA'AU, HAWAI'I

_____
ALEXA RUSSELL, Plaintiff *Pro Se*

_____
GEORGE W. RUSSELL, Plaintiff *Pro Se*

_____
LAAK RUSSELL, Plaintiff *Pro Se*