*RX 10/31/2003*

*12 PAGES*

DEPT. OF COMMERCE
AND CONSUMER AFFAIRS

2003 OCT 28 A 11: 46

HEARINGS OFFICE

OFFICE OF ADMINISTRATIVE HEARINGS
DEPARTMENT OF COMMERCE AND CONSUMER AFFAIRS
STATE OF HAWAI'I

| | |
|---|---|
| In the Matter of | DOE-2003-052 |
| LAAK RUSSELL, by and through his Parents, ALEXA and GEORGE RUSSELL, | FINDINGS OF FACT, CONCLUSIONS OF LAW AND DECISION; APPENDICES "A" AND "B" |
| Petitioners, vs. | |
| DEPARTMENT OF EDUCATION, STATE OF HAWAII, | |
| Respondent. | |

FINDINGS OF FACT,
CONCLUSIONS OF LAW AND DECISION

I.  INTRODUCTION

The Department of Education, State of Hawaii ("Respondent") received an April 8, 2003 request for a due process hearing under Hawaii Administrative Rules ("HAR") Title 8, Chapter 56 from Laak Russell, by and through his parents, Alexa and George Russell (collectively referred to as "Petitioners"). A prehearing telephone conference was held on June 30, 2003, at which the parties agreed to reschedule the hearing to September 2, 2003.

*(June 20, 2003)*

On September 2, 2003, the hearing was conducted at the North Kohala courthouse by the undersigned Hearings Officer. Mr. and Mrs. Russell were present and represented Petitioners, *pro se*. Respondent was represented by the North Hawaii District Educational Specialist, Katherine Tolentino, and by Sally Mazzarella, District Resource Teacher. *(NOT ATTORNEYS)*

*EXHIBIT "A"*
*(includes personal notes)*

I HEREBY CERTIFY THAT THIS IS A
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN THE DEPARTMENT
OF COMMERCE & CONSUMER AFFAIRS.

_____

At the close of the hearing, it was requested that the parties file written closing arguments. Having reviewed and considered the evidence and arguments presented, together with the entire record of this proceeding, the Hearings Officer renders the following findings of fact, conclusions of law and decision.

II.  FINDINGS OF FACT

1. Laak Russell ("Laak") is 15 years old (DOB 12/17/87) and currently attends Kohala High School in the North Kohala District of Hawaii. Laak has cerebral palsy, which requires him to use a walker while attending school. Laak is orthopedically impaired, and has been qualified as a student with a disability.

2. On May 22, 1997, the parties had entered into a Stipulation of Settlement (Stipulation). A copy of this Stipulation is attached hereto and incorporated herein by reference as Appendix "A".

Among the terms of the Stipulation, were the following:

> 1. The Department of Education agrees that a transportation provision has been included in Laak's IEP for the years 1990-1997, and further agrees to provide retro-active mileage reimbursement compensation for those years….. Mileage reimbursement after April 21, 1997 is to be provided through filing by Alexa Russell of the necessary forms which are provided with this settlement agreement including form CS-101 and Monthly Personal Automobile Mileage Vouchers. Daily mileage to and from school of 14 miles is accepted by the Department of Education as stated in Alexa Russell's request for private car reimbursement letter of March 6, 1997… Upon execution of settlement, the DOE will process payment as soon as possible….
>
> 2. The Department of Education has already provided a laptop computer for Laak's use at school. The Department of Education agrees to allow Laak the opportunity to bring the laptop computer home for use in completing his homework assignments and back to school again for daily use during school hours.

3. On April 8, 2003, Petitioners filed a Request for Impartial Hearing. A copy of this Request is attached hereto and incorporated herein by reference as Appendix "B".

2

Petitioners' concerns are described in the Request as follows:

"Failure to pay mileage reimbursement as per the student's IEP from April 21, 1997 to date of due process hearing"...

"Possible prejudice and humiliation; noncompliance with computer assistance and protocol as per IEP of student"...

Petitioners list their proposed resolutions to include:

"Immediate payment of prearranged mileage reimbursement as per student's IEP, plus vehicle maintenance and purchase totaling $20,143.60 or more";

"Possible damages (punitive, compensatory, statutory, et al.) and immediate assistance with computer keyboarding, new computer lap top with DVD and internet"; and

"...non-taxable reimbursement and a strict settlement without monthly vouchers...".

4.  As testified by Ms. Tolentino, the DOE was prepared to pay Petitioners reimbursement for their mileage expenses if Petitioners could show that they possessed valid no-fault insurance. [handwritten: inaccurate]

5.  Through correspondence, beginning in October 2001 and continuing until April 2003, Ms. Tolentino and DOE superintendents repeatedly informed Petitioners that the Russells needed to submit monthly mileage vouchers and show proof of no-fault insurance in order to obtain mileage reimbursement.

6.  During a December 12, 2002 meeting, Alexa Russell admitted to North Kohala High School Principal Catherine Bratt, that the Russells did not have automobile insurance. [handwritten: → hearsay I said I could not prove N.F.I.]

7.  However, at hearing, Mrs. Russell testified that the Russells could not prove they had no-fault insurance; but did not state that they did not have no-fault insurance.

8.  Superintendent Patricia Hamamoto's April 7, 2003 letter to Mrs. Russell also noted that in prior telephone conversations, Mrs. Russell had stated that the Russells did not have automobile insurance. [handwritten: Mrs. Russell was not an owner of a vehicle nor did much of the driving]

9.  Mrs. Russell testified that the correct form for Petitioners to fill out for mileage reimbursement is Form CS-103. The Stipulation listed the wrong form, CS-101,

3

a form applicable to DOE employees. The Russells were not employed by the DOE. Petitioners submitted into evidence Exhibit H, a Parent/Guardian Information form regarding mileage transportation reimbursement, stating that Form CS-103 was the proper form to file. However, Petitioner's Exhibit H also states that the person seeking mileage reimbursement must also provide proof of minimum required automobile insurance coverage and up-dated policies as insurance policies are renewed. Exhibit H tracks the language of Hawaii Administrative Rule, Title 8, Chapter 27-5(c), which states:

> "the person who will be receiving the mileage reimbursement ... must provide the... minimum required automobile insurance coverage and updated policies as insurance policies are renewed."

10. Petitioners' Exhibit I contains information and notes regarding a February 28, 2002 IEP Meeting. It states that transportation has been provided by the Russells on a daily basis since August 23, 2001.

11. The Stipulation does not specifically state that the Russells need to have no-fault insurance.

12. Between April 21, 1997 and the request for impartial hearing, Mr. Russell owned several used cars that were often in need of repair. These vehicles were used to transport Laak to and from school. According to Mr. Russell, these vehicles were intermittently insured.

13. Currently, the Russell's vehicle used to transport Laak to and from school is properly insured.

III. CONCLUSIONS OF LAW

It is not disputed that Laak is a student with a disability and entitled to special education services pursuant to HAR Title 8, Chapter 56. In addition to special education services, Laak is entitled to related services. These include transportation services. The parties had entered into a May 22, 1997 Stipulation of Settlement in which Respondent agreed to pay the Russells' mileage reimbursement at the agreed upon rate of $.30 a mile, and for the agreed upon distance of 14 miles per day.

-4-

It is also undisputed that under the terms of the Stipulation, the Russells were to file the necessary forms after April 21, 1997 to obtain reimbursement. Although the Stipulation identified the wrong form to be filed, it is not disputed that the Russells failed to file any form to obtain reimbursement for transportation services. *[handwritten: The DOE knew forms were filled out — 1998 — but never paid Russells]*

Petitioners' assert that the Stipulation required that they fill out Form CS-101, a form applicable to DOE employees seeking mileage reimbursement. Petitioners argue that this is the wrong form, since the Russells were not DOE employees. Although form CS-101 may not have been the proper form for Petitioners to file, the evidence shows that Petitioners apparently refused to fill out any form to show proof of no-fault insurance coverage. By Petitioners' admissions, their no-fault insurance coverage had lapsed, at least intermittently, during the time Petitioners sought mileage reimbursement.

At hearing, Mrs. Russell testified that Petitioners did not admit that they did not have no-fault insurance, but merely told Respondent that they did not have proof of insurance. Mr. Russell testified that he was continuously changing vehicles and no-fault carriers, and did not retain proof of no-fault insurance. However, Mr. Russell admitted that there were times when no-fault insurance coverage may have lapsed.

The Hearings Officer concludes that despite Respondent's continued requests that Petitioners provide proof of no-fault insurance, Petitioners were less than candid to Respondent about their no-fault coverage.

Therefore, the issue to be determined is whether Respondent was correct in withholding mileage reimbursement previously agreed upon pursuant to the terms of the Stipulation.

The Hearings Officer concludes that Respondent properly withheld mileage reimbursement from April 21, 1997 until present. This conclusion is made as Petitioners' failed to show that they were properly insured throughout this period.

The Stipulation is an agreement made between Respondent and Petitioners. Respondent agreed to reimburse Petitioners for mileage expenses. It is Respondent's duty to provide transportation or mileage reimbursement as this is a related service. Although Respondent is expected to abide by the terms of this agreement, Petitioners also have certain statutory obligations and obligations under the Stipulation.

Although maintaining no-fault insurance is not a specific term of the Stipulation, it is a requirement of all drivers. Petitioners' failed to abide by no-fault laws and did not file any documentation regarding mileage reimbursement under the Stipulation.

It is not Respondent's obligation to assist Petitioners in obtaining no-fault insurance. As Respondent correctly points out, the person receiving the mileage reimbursement must show proof that he has the required automobile insurance. HAR, Title 8, Chapter 27-5(c).

Respondent's denial of mileage reimbursement was a result of Petitioners' admitted failure to maintain no-fault insurance and Petitioners' failure to submit any paper work to obtain reimbursement. The Hearings Officer concludes that Respondent did not act in bad faith in withholding mileage reimbursement.

The next issue to be decided is whether Petitioner was denied a FAPE as Laak was not provided with a new computer with DVD and internet capabilities. The facts show that Respondent had previously supplied Laak with a lap top computer, a printer and paper and ink. As stated in *Board of Education v. Rowley*, 458 U.S. 176 (1982), the DOE must provide Laak with some educational benefit. The DOE has met its burden regarding the provision of a computer and accompanying supplies. Therefore, Petitioners' request for a new computer with DVD and internet capabilities is denied.

Hawaii Administrative Rules Title 8 Chapter 56 requires that Respondent make available to students with a disability a FAPE that emphasizes special education and related services designed to meet their unique needs. In *Board of Education v. Rowley*, 458 U.S. 176 (1982), the Court set out a two-part test for determining whether Respondent was offered a FAPE: (1) whether there has been compliance with the procedural requirements of the Individuals with Disabilities Education Act ("IDEA") and (2) whether the IEP is reasonably calculated to enable the student to receive educational benefits. *Rowley*, at 206-207.

Procedural Violations

Under the IDEA, procedural flaws do not automatically require a finding of a denial of a FAPE. However, procedural inadequacies that result in the loss of educational opportunity or seriously infringe on the parents' opportunity to participate in the IEP

6

formulation process clearly result in the denial of a FAPE. *W.G. v. Board of Trustees of Target Range School District*, 960 F.2d 1479 (9th Cir. 1992).

The Hearings Officer concludes that there were no procedural violations in this case.

Substantive Denial of FAPE

Petitioners contend that Respondent did not offer Laak a FAPE because terms in the May 22, 1997 Stipulation were not implemented. Based upon the evidence presented, the Hearings Officer concludes that Petitioners' were not denied a FAPE as Petitioners did not fulfill their statutory duty to maintain no-fault insurance and did not submit any documentation to claim mileage reimbursement.

Respondents accurately cite HAR Title 8, Chapter 27-5(c), which states that Petitioners must be properly insured in order to receive mileage reimbursement. Further, Petitioners have not complied with the terms of the Stipulation requiring them to fill out a form when requesting mileage reimbursement. [handwritten: Stipulation never stipulated insurance in a request to P.M.R.]

The parties had entered into a Stipulation, calling for mileage reimbursement. There is no dispute that Petitioners would have been entitled to mileage reimbursement if they had filled out the proper forms indicating that they were insured. It is also noted that Petitioners were insured intermittently during the period in question, and that they currently have valid no-fault insurance.

IV.   DECISION

IT IS HEREBY ORDERED THAT Petitioners obtain proof of the no-fault insurance they possessed on the vehicles they used to drive Laak to and from school activities from April 21, 1997 until present. Petitioners are to provide Respondents with this proof within 3 months of their receipt of this Decision.

Upon receiving proof that the vehicles used to transport Laak were insured, Respondent shall reimburse Petitioners for mileage expenses for Laak's transportation to

7

and from school activities incurred between April 21, 1997 and present. Said reimbursement shall be made within 30 days of Respondent's receipt of proof of insurance.

Petitioners shall maintain insurance on any vehicle they use to transport Laak to and from school activities. If Petitioners are not able to maintain no-fault insurance, Petitioners shall immediately notify Respondent. Respondent shall then provide transportation services for Laak to and from school activities at Respondent's expense.

It is Petitioners' own duty and obligation to abide by no-fault and any other law, whether seeking mileage reimbursement or in conducting any other activity. This order granting mileage reimbursement does not excuse Petitioners from complying with all valid terms of the Stipulation. [handwritten: HARASSMENT RETALIATION valid terms did not include no fueling]

Petitioners' claim for vehicle maintenance and purchase totaling $20,143.60 or more is denied.

It is further ordered that Petitioners' claims that they were denied a FAPE because of noncompliance with computer assistance and protocol, and due to possible prejudice and humiliation are denied.

Finally, Petitioners' claim to a non-taxable reimbursement and a strict settlement without monthly vouchers is denied.

### RIGHT TO APPEAL

The parties to this case have the right to appeal this decision to a court of competent jurisdiction. The appeal must be made within thirty (30) days after receipt of this decision.

DATED: Honolulu, Hawaii, OCT 28 2003

_Richard A. Young_
RICHARD A. YOUNG
Administrative Hearings Officer
Department of Commerce
and Consumer Affairs

[handwritten notes: R+ 10/31/2003, Complaint C.S. 11/24/2003, filed 12/1/2003, exactly 30 days]

8