IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

<table>
<tr><td>ALEXA and GEORGE W. RUSSELL on<br>behalf of their son, LAAK<br>RUSSELL,<br><br>            Plaintiffs,<br><br>      vs.<br><br>DEPARTMENT OF EDUCATION, STATE<br>OF HAWAII, and PATRICIA<br>HAMAMOTO, in her official<br>capacity as Superintendent of<br>Schools, and Chairperson of the<br>Board of Education, State of<br>Hawaii, and DOES 1-100,<br><br>            Defendants.<br>_____</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>CIVIL NO. 03-00654 HG-BMK</td></tr>
</table>

**ORDER AFFIRMING HEARINGS OFFICER'S OCTOBER 28, 2003 DECISION**

This is an Individuals with Disabilities in Education Act, 20 U.S.C. § 1400 *et seq.*, case in which Plaintiffs seek review of an administrative hearings officer's decision denying them certain requested relief.  For the reasons set forth below, the Court upholds the administrative hearing officer's decision and denies the relief sought by Plaintiffs.

**PROCEDURAL HISTORY**

This case was remanded from the United States Court of

1

Appeals for the Ninth Circuit.  This Court previously dismissed Plaintiffs' Complaint on the grounds that Plaintiffs could not bring an action on behalf of their minor son without retaining a lawyer.  See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997).

The Ninth Circuit remanded the case for the Court to consider whether to appoint Plaintiffs counsel or to grant leave and provide adequate time for Plaintiffs to find new counsel.

On November 15, 2006, this Court entered an "Order Reinstating Complaint and Denying Plaintiff's Request for Appointment of Counsel and Granting Plaintiffs Leave to File New Request for Appointment of Counsel".  In that Order, the Court reinstated the Complaint, listed the reasons Plaintiffs' previous request for counsel must be denied and gave Plaintiffs time to file a new request for appointment of counsel.

The Court's November 15, 2006 Order provides background information and a detailed procedural history which the Court will not repeat here.

On January 4 and 12, Plaintiffs made filings which the Court construed as a request for appointment of counsel.

On February 7, 2007, after reviewing the Plaintiffs' filings, the Court entered an Order Denying Plaintiffs' Request for Appointment of Counsel and Setting a Briefing Schedule.

On March 9, 2007, Plaintiffs filed their Opening Brief.

2

On April 9, 2007, Defendants filed their Answering Brief.

On April 23, 2007, Plaintiffs filed their Reply to Defendants' Answering Brief.

On June 1, 2007, Plaintiffs filed a Judicial Notice and Request for Telephonic Status Conference.

June 12, 2007, Defendants filed a Memorandum in Opposition to Plaintiffs' Judicial Notice and Request for Telephonic Status Conference.

This Court finds this matter suitable for decision without a hearing pursuant to Local Rule 7.2(d).

## STANDARD OF REVIEW

The standard for reviewing administrative decisions in IDEA cases has been described as "modified de novo." <u>Bucks County Dep't. of Mental Health/Mental Retardation v. Pennsylvania</u>, 379 F.3d 61, 65 (3rd Cir. 2004).  In evaluating an appeal of an administrative decision under IDEA, a district court "shall receive the records of the administrative proceedings...shall hear additional evidence at the request of a party; and...basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C).

The Supreme Court articulated its interpretation of the statute's standard of review in <u>Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester County v. Rowley</u>, 458 U.S. 176, 206

3

(1982).  "[T]he provision that a reviewing court base its
decision on the 'preponderance of the evidence' is by no means an
invitation to the courts to substitute their own notions of sound
educational policy for those of the school authorities which they
review."  Id.  The statute requires that "due weight" be given to
the findings in the administrative proceedings.  Id.

   The Ninth Circuit Court of Appeals has held that the amount
of deference given to an administrative hearings officer's
findings depends on the thoroughness of the findings.  Capistrano
Unified Sch. Dist. v. Wartenberg, 59 F.3d 884, 891 (9th Cir.
1995).  More deference is accorded when the hearings officer's
findings are "thorough and careful."  Id.  The court has
discretion to decide the amount of deference it gives to the
administrative findings.  County of San Diego v. California Spec.
Educ. Hearing Office, 93 F.3d 1458, 1466 (9th Cir. 1996).  The
ultimate determination of the appropriateness of the educational
program is reviewed de novo.  Capistrano Unified Sch. Dist., 59
F.3d at 891.

   Generally, a court's inquiry in reviewing administrative
decisions under IDEA is twofold.  "First, has the State complied
with the procedures set forth in the Act?  And second, is the
[IEP] developed through the Act's procedures reasonably
calculated to enable the child to receive educational benefits?"
Rowley, 458 U.S. at 206-07 (footnotes omitted); Union Sch. Dist.

<u>v. Smith</u>, 15 F.3d 1519, 1524 (9th Cir. 1994).

## INDIVIDUALS WITH DISABILITIES EDUCATION ACT

Congress enacted the IDEA to financially assist state and local agencies in educating students with disabilities.  <u>See</u> <u>Ojai Unified Sch. Dist. v. Jackson</u>, 4 F.3d 1467, 1469 (9th Cir. 1993). IDEA's goal is "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living . . . "  20 U.S.C. § 1400(d)(1)(A).  The IDEA defines the term "free appropriate public education" ("FAPE") as "special education and related services that . . . are provided in conformity with the individualized education program required under section 1414(d) of this title."  20 U.S.C. § 1401(9).

The mechanism for ensuring a FAPE is the development of a detailed, individualized instruction plan known as an "individualized education program."  The IDEA defines the term "individualized education program" ("IEP") as "a written statement for each child with a disability that is developed, reviewed, and revised in accordance with section 1414(d) of this title."  20 U.S.C. § 1401(14).  The "IEP team" that meets to discuss and formulate the disabled student's IEP consists of several individuals, including the student's parents, regular

teacher, special education teacher, a representative of the local educational agency, and other individuals with relevant knowledge about the student's disability.  20 U.S.C. § 1414(d)(1)(B).

In addition to a substantive right to a free appropriate public education, the IDEA and its regulations provide certain procedural safeguards to parents.  For example, parents may examine all relevant records regarding identification, evaluation, and educational placement of their children; must receive prior written notice if a school proposes or refuses to alter the child's identification, evaluation, or educational placement; may request an impartial due process hearing regarding the education of their disabled child; and may obtain judicial review of an administrative decision they do not agree with regarding the identification, evaluation, or educational placement of their child.  20 U.S.C. §§ 1415(b)(1), (b)(3), (b)(6), and (f); see 34 C.F.R. § 300.1 et seq.

Recipients of federal funds, such as the State of Hawaii, Department of Education must "establish and maintain procedures in accordance with [§ 1415] to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a [FAPE] by such agencies."  20 U.S.C. § 1415(a).  The DOE has implemented the IDEA by promulgating regulations for the "Provision of a Free Appropriate Public Education for Student with a Disability"

6

contained in Title 8, Chapter 56 of the Hawaii Administrative
Rules.

## ANALYSIS

### A.   Plaintiffs' Judicial Notice and Request for Telephonic Status Conference

Plaintiffs request for judicial notice and a telephonic
status conference is based on the United States Supreme Court's
recent decision in Winkleman v. Parma City School District, 127
S.Ct. 1994 (2007).  Winkleman is an Individuals with Disabilities
in Education Act ("IDEA") case in which the Court recognized that
because parents enjoy rights under the IDEA, they are entitled to
prosecute IDEA claims on their own behalf.  Upon considering, at
length, the statutory language and purpose of the IDEA, the
Winkleman court concluded:  "IDEA grants parents independent,
enforceable rights. These rights, which are not limited to
certain procedural and reimbursement-related matters, encompass
the entitlement to a free appropriate public education for the
parents' child." Winkleman, 127 S.Ct. at 2005.

The Court recognizes that in light of the Winkleman
decision, the Plaintiffs have standing to bring an IDEA claim.
As this Court regularly interprets and applies applicable Supreme
Court case law, neither judicial notice nor a telephonic status
conference is necessary.  In addition, as stated in the Court's
previous Order, because Laak is no longer a minor, he may bring

claims on his own behalf.

Accordingly, Plaintiffs' "Judicial Notice and Request for Telephonic Status Conference" is **DENIED**.

**B.   Plaintiffs' appeal from the hearings officer's October 28, 2003 "Findings of Fact, Conclusions of Law and Decision"**

This case is about Plaintiffs' request that the Department of Education for the State of Hawaii ("DOE") reimburse them in the amount of $7,407.00 for mileage expenses incurred in driving their son to and from school.  Plaintiffs also request "individual monetary relief for individual emotional, punitive, and general damages in the amount of $250,000" for each plaintiff.

On October 28, 2003, after an administrative hearing, the hearings officer issued a "Findings of Fact, Conclusions of Law, and Decision" ("Decision") on the issue of whether the DOE was correct in withholding mileage reimbursement previously agreed upon by the parties pursuant to the terms of a May 22, 1997 stipulation.  The DOE relied on Hawaii Administrative Rule, Title 8, Chapter 27-5(c) and Hawaii insurance law in declining to provide Plaintiffs mileage reimbursement because of Plaintiffs' failure to maintain or provide proof of no-fault insurance.  The DOE also denied Plaintiffs' mileage reimbursement request because Plaintiffs failed to submit paperwork to obtain reimbursement.

After reviewing the evidence before him, the hearings

8

officer concluded:  "Petitioners' were not denied a [Free Appropriate Public Education] as Petitioners did not fulfill their statutory duty to maintain no-fault insurance and did not submit any document to claim mileage reimbursement."

The hearings officer's Decision further ordered Plaintiffs to "obtain proof of no-fault insurance they possessed on the vehicles they used to drive Laak [their son] to and from school activities from April 21, 1997 to present [October 28, 2003]." Plaintiffs were ordered to provide proof of insurance within three months of receiving the Decision.  Within 30 days from the DOE's receipt of the proof of insurance, the Decision ordered the DOE to reimburse Plaintiffs "for the mileage expenses for Laak's transportation to and from school activities incurred between April 21, 1997 and present."  Because this Court is reviewing the hearings officer's October 2003 Decision, the issue of whether Plaintiffs ever provided proof of insurance is not before this Court.  Nor, for that matter, do Plaintiffs argue that they ever did provide the required proof of insurance.

The hearings officer's October 2003 Decision is thorough and careful and is entitled to deference.  Plaintiffs have not presented any reason to reverse the hearings officer's decision. Under Hawaii law, insurance is required to operate a motor vehicle.  See Haw. Rev. Stat. § 286-116, § 431:10C-104, and § 431:10C-117.  In entering into the stipulation with Plaintiffs,

9

the legal requirement of maintaining insurance was not a
requirement that the DOE was entitled to waive.  It was wholly
reasonable for the DOE to withhold reimbursement, and for the
hearings officer to have denied Plaintiffs' request for mileage
reimbursement, absent proof of insurance.  Even if proof of
insurance was not required, Plaintiffs have not presented any
evidence challenging the hearings officer's finding that they
failed to fill out a form requesting mileage reimbursement as
required by the terms of the stipulation.

Plaintiffs have not presented any factual basis to support
their claim for emotional, general, and punitive damages.  In any
event, such damages are not available under the IDEA as a matter
of law.  <u>See Blanchard v. Mortonschool</u>, ___ F.3d ___ , 2007 WL
2728772, at *1 (Sept. 20, 2007) (money damages for lost earnings
and pain and suffering are not available under the IDEA and there
is no right of action under 42 U.S.C. § 1983 for violation of the
IDEA).

<u>**CONCLUSION**</u>

For the forgoing reasons,

(1)  Plaintiffs' "Judicial Notice and Request for Telephonic
     Status Conference" is **DENIED;**

(2)  the hearings officer's October 28, 2003 "Findings of
     Fact, Conclusions of Law, and Decision" is **AFFIRMED;**
     and

10

(3)  this case is **CONCLUDED.**  Judgment shall be entered.

IT IS SO ORDERED.



 /s/ Helen Gillmor

Chief United States District Judge

ALEXA and GEORGE W. RUSSELL, on behalf of their son, LAAK RUSSELL v. DEPARTMENT OF EDUCATION, STATE OF HAWAII, et al.; Civil No. 03-00654 HG-BMK; **ORDER AFFIRMING HEARINGS OFFICER'S OCTOBER 28, 2003 DECISION**